UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| LA POTENCIA, LLC, a Delaware limited liability company, and YC52, LLC d/b/a CHANDLER BATS, a Florida limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Hon. Judge Rodolfo A. Ruiz II |
| DAVID CHANDLER, an individual, GROUP AUTHENTIC, a sole proprietorship, MAXBAT, INCORPORATED, a Minnesota corporation, PECOS LEAGUE OF PROFESSIONAL BASEBALL CLUBS, LLC, a Texas limited liability company, BESTBATDEALS.COM, | ) ) ) ) ) ) ) | Case 22 C 80417 Jury Trial Demanded |
| Defendants. | ) | |

| | | |
|---|---|---|
| DAVID CHANDLER, an individual, and GROUP AUTHENTIC, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| LA POTENCIA, LLC, a Delaware limited liability company, and YC52, LLC d/b/a CHANDLER BATS, a Florida limited liability company, | ) ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL**

- 1 -

Pursuant to Fed.R.Civ.P. 37, Local Rules 7.1(a)(3) and 26.1(g), and Judge Matthewman's Order Setting Discovery Procedure (dkt 116), Defendants David Chandler and Group Authentic LLC ("Movant's") state as follows for their Motion to Compel:

1. Movants served requests to produce upon Plaintiffs on March 10, 2023 and April 7, 2023, copies of which are attached as Ex. 1 & 2.

2. As reflected in the written correspondence attached as Ex. 3 hereto, Plaintiffs have repeatedly represented that they were looking for responsive documents to produce, and have produced a limited amount of responsive records over time.

3. However, Movants have repeatedly informed Plaintiffs that their production of financial records (required in part by Movant's damages expert) remains inadequate and incomplete. *See* Ex. 3.

4. Production of material responsive to the following requests (among others) remain inadequate and incomplete:

> RTP # 12 (damages related records)
>
> RTP # 13 (R&D costs incurred to develop the trade secrets)
>
> RTP # 17 (balance sheets, tax returns, and records of sales/profits for last 5 years)
>
> RTP # 30 (damages related records related to use of trademarks)
>
> RTP #35 (advertising and marketing related expenses)
>
> RTP #36 (damages related records pertaining to trademarks)
>
> RTP #43 (RxSport profit and loss statements, income and expense records, and accounting data)
>
> RTP #61 (documents and things referring to RxSport, including documents and things relating to the acquisition of collateral from RxSport)
>
> RTP #62 (All documents and things describing the inventory of assets associated with the Plaintiffs' retention of collateral)

>RTP #63 (All documents and things discussing Plaintiffs' plans to retain the collateral in accordance with the July 18, 2019 retention of collateral letter)

6. In an effort to narrow the issues and facilitate Plaintiffs' compliance with the foregoing requests, Defendants wrote to Plaintiffs on October 19, 2023, asking that Plaintiffs confirm their search for and production of a discrete list of documents that fall within those document requests "no later than October 31, 2023." (Ex. 3).

7. Then on October 30, 2023, Plaintiffs provided a response. (Ex. 3). In it, Plaintiffs objected to producing the requested records, in part, on grounds that discovery relevant to the counterclaims "hasn't even started yet" and Plaintiffs objected to many of the requests on grounds of relevance, burden and overbreadth.

8. On Nov. 13, defense counsel participated in a teleconference with Plaintiffs' counsel in a good faith effort to resolve the discovery disputes without the need of the Court's assistance. Following that call, defense counsel sent a follow up email identifying which Requests to Produce remained at issue, narrowing the specific categories of documents that remain outstanding, and stating:

>[P]lease tell us in the next 24 hours which of these you have exhausted your search for and produced, which you will exhaust your search for and produce in the next 10 days, and which you must stand on your objections and continue to withhold. Assuming you must withhold any of these categories of records, we will plan to file a motion to compel, and treat today's phone call as the good faith prerequisite for the motion.

(Ex. 6).

9. In response, On Nov. 15, Plaintiffs' counsel wrote back and identified five categories of documents: (1) documents they have not located to date but will search for (with no proposed date for the completion of that task); (2) documents they located and agree to produce (but have not produced and are withholding until Defendants produce certain records Plaintiffs

want); (3) documents they located and produced (but have not confirmed that their search for those kinds of records is complete); (4) documents they object to searching for or producing; and (5) documents they claim were not within the scope of the original requests. (Ex. 3).

10. These categories of documents, and the specific documents at issue that fall within these categories, are as follows:

**(1) documents they have not located to date but will search for:**

- Any projections prepared by La Potencia, its ownership, or advisors;
- Any valuations (informal or formal);
- Any correspondence related to the value of RxSport;
- Any analysis or valuations (informal or formal) demonstrating that the value of the RxSport assets transferred to La Potencia was equal to or less than the balance of the $700,000 convertible loan;
- Any analysis or valuations (informal or formal) evidencing the value of the assets transferred from La Potencia to YC52;

**(2) documents they located and agree to produce but have not produced and are apparently withholding until Defendants produce certain records Plaintiffs want**

- RxSport's annual and/or monthly income statements;
- RxSport's balance sheet prior to the transfer of assets to La Potencia;
- YC 52's Annual and monthly income statements;
- YC 52's Annual and monthly balance sheets;
- The 2022 Schedule C for YC52;

**(3) documents they located and produced, but have not confirmed their search is complete**

- A listing of the intangible assets obtained from RxSport and retained by LaPotencia;
- The terms of sale and evidence of payment for the assets transferred from La Potencia to YC52;

- Any agreements between La Potencia and YC52;

- Evidence of any payments to/from YC52 to La Potencia;

**(4) documents they object to searching for or producing**

- La Potencia's Annual and monthly income statements;

- La Potencia's Annual and monthly balance sheets;

- La Potencia's Tax returns;

- If financial statements (i.e., income statements and balance sheets) are not maintained, copies of La Potencia's bank statements for all accounts;

**(5) documents they claim were not within the scope of the original requests**

- YC52's budgets, business plans, or projections;

- YC52's valuations of the company (informal or formal);

- Details of any YC52 financing transactions, including investments into the company and/or loans;

(Ex. 3).

11. All of these records are highly relevant to Defendants' defense, as well as their counterclaim/third party complaint damages in this case and Defendants have no means of securing these records other than through Plaintiffs. The search for and production of responsive records is being unreasonably delayed. The provisions of Rule 34(b)(2), among other things, require a party to produce the documents it says it will produce. *See* Fed. R. Civ. P. 34(b)(2)(B). Likewise, a discovery response that indicates responsive documents will be produced is both interposed for an improper purpose and unreasonable if the responding party then deliberately withholds some responsive documents.

12. For example, Plaintiffs brought trade secrets and trademark claims against Defendants. RTP # 6 sought "all documents and things supporting Plaintiffs' contention that Plaintiffs derived independent economic value from the secrecy of the alleged trade secrets." RTP

# 17 sought the "balance sheets and tax returns for the Plaintiffs for the past five years, along with, all reports of sales volumes, and gross and net profits for each product sold by Plaintiff for that same five year period." RTP # 30 sought "all documents and things supporting Plaintiffs' contention that Plaintiffs suffered damages through any of the Defendants alleged infringing use of the CHANDLER BATS Marks." RTP # 35 sought "all documents evidencing Plaintiffs' expenditures on advertising and marketing the CHANDLER BATS Marks." YC52's financial records (including budgets, business plans, projections, valuations, and investment records) will reflect the economic value, if any, it derives from the trade secrets, and the damages it suffered by Defendants' alleged misuse of the trademarks, as well as the value of the IP at issue.

13.    Defendants have exhausted their good faith efforts to resolve the above disputes without the assistance of the Court and are in need of an order compelling conclusive discovery response within a date certain.

WHEREFORE, Defendants David Chandler and Group Authentic LLC respectfully request an Order compelling production of the foregoing materials within 14 days, as well as Plaintiffs' execution of a Declaration attesting to the completeness of their search for and production of all responsive materials.

### CERTIFICATION UNDER LOCAL RULE 7.1(a)(3) & Dkt 116 ¶ 1

I hereby certify that on Nov. 13, 2023 counsel for the Plaintiffs and Counsel for the Movants participated by telephone in a good faith effort to resolve the above matters, but were unable to come to an accord despite their best efforts to do so.

        /s/ Marc Gravino
        Marc Gravino

Date: November 22, 2023                    Respectfully submitted,

/s/ Rafael Perez-Pineiro
Rafael Perez-Pineiro
Fla. Bar No. 543101
Email: rperez@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, Florida 33131

**Local Counsel for Defendants David Chandler and Group Authentic LLC**

Marc C. Gravino
Joel M. Huotari
WilliamsMcCarthy, LLP
120 West State Street, Suite 400
Rockford, IL  61105-0219
Email: mgravino@wilmac.com
Email: jhuotari@wilmac.com
Phone: (815) 987-8900

**Counsel for Defendants David Chandler and Group Authentic LLC**

Stanley D. Ference III
John W. Goldschmidt, Jr.
Ference & Associates LLC
409 Broad Street
Pittsburgh, PA 15143
E-mail: courts@ferencelaw.com
E-mail: jgoldschmidt@ferencelaw.com

**Counsel for Defendants David Chandler and Group Authentic LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by EM/ECF notice on November 22, 2023, on all counsel of record on the service list below.

/s/ Rafael Perez-Pineiro
Rafael Perez-Pineiro

## SERVICE LIST

**Joshua D. Martin**
E-mail: josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

**Perry S. Clegg**
E-mail: perry.clegg@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
50 W. Broadway, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 783-3200

**Avery A. Dial**
E-mail: adial@kdvlaw.com
**Barbara R. Schabert**
E-mail: bschabert@kdvlaw.com
tbell@kdvlaw.com
KAUFMAN DOLOWICH & VOLUCK, LLP
100 SE 3rd Avenue, Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 302-2360
Facsimile: (888) 464-7982

**Peter Bartoszek**
E-mail: pbartoszek@wickersmith.com
WICKER SMITH OHARA MCCOY AND FORD, P.A.
390 N. Orange Ave, Suite 1000
Orlando, Florida 32801
Telephone: (407) 843-3939

**Jordan Scott Cohen**
jcohen@wickersmith.com
WICKER SMITH OHARA MCCOY AND FORD, P.A.
515 E. Las Olas Blvd., Suite 1400
SunTrust Center
Fort Lauderdale, Florida 33301
Telephone: (954) 847-4834