UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Civil Action No.: 9:22-cv-80417-RAR**

LA POTENCIA, LLC, a
Delaware limited liability company,
and YC52, LLC d/b/a CHANDLER BATS,
a Florida limited liability company,

          Plaintiff,

v.

DAVID CHANDLER, an individual,
GROUP AUTHENTIC, LLC, a Delaware
limited liability company, MAXBAT,
INCORPORATED, a Minnesota corporation,
PECOS LEAGUE OF PROFESSIONAL
BASEBALL CLUBS, LLC, a Texas limited
liability company, BESTBATDEALS.COM,

          Defendants.
_____/

**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST DAVID CHANDLER AND GROUP AUTHENTIC, LLC**

Plaintiffs, LA POTENCIA, LLC ("La Potencia") and YC52, LLC d/b/a CHANDLER BATS ("YC52") (collectively "Plaintiffs"), by and through undersigned counsel, hereby respectfully move for an Order to Enforce the Settlement Agreement against Defendants, DAVID CHANDLER ("David Chandler") and GROUP AUTHENTIC, LLC ("Group Authentic") (collectively "Group Authentic Defendants"), and in support thereof state:

### I.     Brief Introduction

As the Court is aware, the parties fully settled this action in October 2024. Unfortunately, Plaintiffs have discovered a breach of the Settlement Agreement by the Group Authentic

1

Defendants and have been trying to amicably resolve the issue with them for several weeks. However, despite Plaintiffs' patience and numerous attempts to communicate with the Group Authentic Defendants in an effort to resolve the dispute, they have not only failed to correct the deficiency, but they have failed to respond. Thus, Plaintiffs were forced to file this Motion.

Specifically, the Group Authentic Defendants are using the "Chandler Bats" mark and name in a manner that violates the Settlement Agreement. As a result, Plaintiffs have been experiencing customer confusion occurring in the marketplace, including multiple instances of players and/or teams confusing Chandler Bats and Authentic Bats (new name for Group Authentic bats). It appears that the Group Authentic Defendants' marketing strategy is to attempt to associate or connect David Chandler to Chandler Bats, which is causing consumer confusion. Plaintiffs seek an Order enforcing the Settlement Agreement and requiring the Group Authentic Defendants to cease use of the violating Chandler marks.

## II. Factual Summary

**A.     The Group Authentic Defendants' Use of the Chandler Bats Name and Mark.**

Section 4.4 of Plaintiffs' Settlement Agreement with David Chandler and Group Authentic ("Settlement Agreement") provides:

> Consistent with the language in the Preliminary Injunction Order, the Group Authentic Parties shall forever **cease and desist**, now and in the future, all use of the "Authentic by David Chandler" mark and **any trademark that contains the term or name "Chandler."** Such usage includes marketing, advertising, selling, and/or providing any of the Group Authentic Parties' goods and services, including on baseball bats or related goods, buildings, signage, product labels, websites, social media accounts, source identifiers, on the internet, as or in domain names, email addresses, meta tags, keywords, search engines, Google AdWords, computer source coding, or invisible data.

*Settlement Agreement*, § 4.4. (emphasis added).[1]

As a limited exception to Section 4.4, Section 4.7 allows the Group Authentic Defendants "to use the word or name 'Chandler' in non-trademark usage," including for example, to discuss "David Chandler and his history, background, and experience." Another example, according to Section 4.7, would be "in the case of a purchaser or player whose legal name is Chandler, use of such individual's name, whether in the personalization of that person's bat or in advertising his or her use of that bat." *Settlement Agreement*, § 4.7. In other words, the Group Authentic Defendants are permitted to use the name "Chandler" as part of "David Chandler" to discuss his background or for personalization of a bat for a purchaser or player with the name "Chandler."

Despite the language in those sections, Plaintiffs have discovered that the Group Authentic Defendants are using the "Chandler Bats" name and mark in their marketing materials in a manner that violates Section 4.4 of the Settlement Agreement. Specifically, they are promoting their "Authentic" bats by expressly referencing "Chandler Bats" in an effort to trade off of Chandler Bats' goodwill and reputation in the industry, and by attempting to improperly connect David Chandler and Authentic bats to Chandler Bats. Examples include:

- Authentic Bat's website states: "David Chandler (founder of Chandler Bats and now Authentic)": https://authenticbats.com/what-are-torpedo-bats-and-where-can-i-buy-one/.

- Group Authentic's X account states (from March 31): "David Chandler is the founder of Chandler Bats (used by hundreds of pros)":

  https://x.com/authentic_bats/status/1906847603297337541.

---

[1] The Settlement Agreement confidentiality provision has a carve out for terms necessary to enforce the Settlement Agreement. *Settlement Agreement*, § 15. A full copy of the Settlement Agreement was previously filed under seal with the Court, but Plaintiffs can file another copy under seal if the Court no longer has possession of the previous copy.

- The following reddit comment appears to be from David Chandler and/or Group Authentic and provides: "the best wood baseball bats are by Authentic Bats, which is the new company of David Chandler (the founder of Chandler Bats)": https://www.reddit.com/r/Homeplate/comments/yvnxgz/what_is_the_best_wood_bat/.

As shown, the Group Authentic Defendants are using the "Chandler Bats" mark and name in their marketing materials, which violates the Settlement Agreement. And such improper usage of the Chandler Bats name and mark does not fall within the exception listed in Section 4.7 of the Settlement Agreement, as it is not usage of the Chandler name to discuss David Chandler's history, background and experience in a non-trademark manner. In fact, representing that "David Chandler is the founder of Chandler Bats" and that David Chandler is "founder of Chandler Bats and now Authentic" does the exact opposite of differentiating Chandler Bats from Authentic Bats – rather, it suggests that Chandler Bats and Authentic Bats are related or affiliated to each other, and that David Chandler is the founder/owner of both bat companies. In other words, the Group Authentic Defendants are using the "Chandler Bats" mark and name to create a false connection between Authentic Bats and Chandler Bats. That is especially the case in using the present tense "is" – *i.e.,* "David Chandler *is* the founder of Chandler Bats." Indeed, in prior term sheets and negotiations leading up to the final settlement agreement in the litigation, the parties had considered allowing each side to reference that David Chandler was the founder of Chandler Bats, but the parties all agreed to remove that proposed term – and avoiding consumer confusion is one of the very reasons why that exception is not in the Settlement Agreement.

The links listed above are examples of improper use of "Chandler Bats" by the Group Authentic Defendants, but there are likely others that Plaintiffs are unaware of at this time.

Plaintiffs also have strong reason to suspect that the Group Authentic Defendants are making similar statements orally. As a result, Plaintiffs have been experiencing customer confusion occurring in the marketplace over the past few months.  Specifically, Chandler Bats has witnessed multiple instances of players and/or teams confusing Authentic Bats with Chandler Bats, and Group Authentic Bats' marketing strategy of attempting to tie David Chandler to Chandler Bats is creating such confusion.

To be clear, Chandler Bats has no interest in getting in another dispute with David Chandler or Group Authentic.  Its main concern is eliminating consumer confusion so that both sides can operate independently of each other and stay out of each other's space. Indeed, Plaintiffs have attempted repeatedly to resolve these issues without Court intervention.  Plaintiffs first emailed counsel for the Group Authentic Defendants on August 28, 2025 regarding this matter in an effort to resolve the dispute amicably. Plaintiffs followed up at least six times, approximately every couple weeks, since that date. The only response Plaintiffs ever received was a voice message in September indicating that the Group Authentic Defendants would respond. That never happened, despite multiple follow-ups, and Plaintiff sent a final correspondence in November pleading for a response.  This Motion followed.

In the Court's Order of Dismissal dated November 4, 2024, following the parties' filing of the subject Settlement Agreement, the Court stated:  "Pursuant to the Parties' respective settlement agreements, the Court will reserve and retain jurisdiction to enforce the terms of the Parties' settlement agreements." *See* ECF No. 346.  Plaintiffs respectfully request that the Court enter an Order enforcing the terms of the Settlement Agreement and compelling the Group Authentic Defendants to cease use of the violating Chandler marks.  The Group Authentic Defendants can still operate under the Settlement Agreement and discuss David's Chandler's history, background

and experience in a proper manner.  However, the Group Authentic Defendants should remove all references to David Chandler being the founder of Chandler Bats, as well as any other inappropriate uses of "Chandler" or "Chandler Bats."

**B.    Request for Attorneys' Fees Incurred in Connection with this Motion.**

Paragraph 19 of the Settlement Agreement governing "Disputes under this Agreement" provides, in pertinent part, that: "However, the prevailing Party in any such dispute [arising out of or relating to this Agreement], whether legal or quasi-legal, shall be entitled to recover from the other Party its attorneys' fees and costs incurred during arbitration, pre-trial, trial and all appellate levels and in any bankruptcy, post judgment, or collection actions or proceedings."  Thus, Plaintiffs respectfully request that the Court award them their attorneys' fees incurred in connection with this Motion, which could have been and should have been easily avoided, as well as those incurred pre-Motion in attempts to resolve this matter.

### III.    Memorandum of Law

"When a district court's dismissal order either incorporates the terms of the settlement agreement or expressly retains jurisdiction to enforce the settlement, the agreement functions as a consent decree that the district court has jurisdiction to enforce." *Disability Advocates and Counseling Group, Inc. v. E.M. Kendall Realty, Inc.*, 366 Fed.Appx. 123, 125 (11th Cir. 2010) (affirming order enforcing settlement agreement and awarding plaintiff attorneys' fees).  "In both Florida and federal courts, 'settlements are highly favored and will be enforced whenever possible.'" *Broadnax v. Sand Lake Cancer Center, P.A.*, 819 Fed.Appx. 799, 801 (11th Cir. 2020) (*quoting Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)); *see also Beharrie-Lue v. Felt Home Care, Inc.*, 2010 WL 2985650, * 1 (S.D. Fla. July 28, 2010) (granting motion to enforce settlement agreement and for attorney's fees).

Here, the Court's Order of Dismissal expressly retained jurisdiction to enforce the subject Settlement Agreement. Thus, the Court has jurisdiction to enter an Order enforcing the Settlement Agreement and awarding Plaintiffs their attorneys' fees incurred in connection with this Motion.

In terms of enforcement, the Settlement Agreement is clear that the Group Authentic Defendants were required to cease all use of "Chandler Bats" and "Chandler," except for usage in a non-trademark manner such as to discuss David Chandler's history, background, and experience. For example, if Group Authentic had a webpage available that discussed David Chandler's background and history leading up to his current role with Group Authentic, that could be acceptable if otherwise worded correctly and could actually do the opposite of create confusion – it would clarify to consumers that David Chandler is *no longer* affiliated with Chandler Bats and that Authentic Bats and Chandler Bats are separate and distinct bat companies.  However, the Group Authentic Defendants are not using the term "Chandler" to discuss David Chandler's history, background and experience.  Rather, they are using the "Chandler Bats" name and mark in a manner to create a false association with and connection between Authentic bats and Chandler Bats. And the Group Authentic Defendants are creating confusion by doing so, which appears to be their goal considering their lack of responding to Plaintiffs' requests to address these issues without Court intervention.

Thus, Plaintiffs are seeking an Order requiring the Group Authentic Defendants to comply with the Settlement Agreement, to cease referring to Chandler Bats and to otherwise refrain from creating a false association between Chandler Bats and David Chandler/Authentic bats.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this motion and enforce the Settlement Agreement against David Chandler and Group Authentic, LLC as set forth herein,

7

as well as award Plaintiffs their attorneys' fees and costs, and for such other relief the Court deems just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion, including counsel for the Group Authentic Defendants. Despite numerous, repeated requests spread over the past few months to address the issues raised in this Motion, the Group Authentic Defendants have failed to respond or engage in any discussions in an attempt to resolve this Motion.

**/s/ Joshua D. Martin**
Joshua D. Martin

Dated: December 5, 2025

Respectfully submitted,

By: **/s/ Joshua D. Martin**
Joshua D. Martin
Florida Bar No. 028100
josh.martin@johnsonmartinlaw.com
JOHNSON & MARTIN, P.A.
500 W. Cypress Creek Rd., Suite 430
Fort Lauderdale, Florida 33309
Telephone: (954) 790-6699
Facsimile: (954) 206-0017

*Attorneys for Plaintiffs and Third-Party Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on December 5, 2025 with a copy of this document via the Court's ECF system.

**/s/ Joshua D. Martin**
Joshua D. Martin